1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | ELIZABETH SALVESON, State Bar ##83788
Chief Labor Attorney
3 | LAWRENCE HECIMOVICH, State Bar #129688
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Fifth Floor
5 | San Francisco, California 94102-5408
Telephone:    (415) 554-3933
6 | Facsimile:    (415) 554-4248
E-Mail:    lawrence.hecimovich@sfgov.org

8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
9 | ANDREW GUILLORY, LENIDA REYES
and STEPHEN YEUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PAUL M. HAYNES, | Case No. CV 13-1567 MEJ |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **(FRCP 12c)** |
| CITY AND COUNTY OF SAN FRANCISCO, ANDREW GUILLORY, LENIDA REYES, STEPHEN YEUNG, AND DOES 1 THROUGH 50, INCLUSIVE, | Date:    July 18, 2013<br>Time:    10:00 a.m.<br>Courtroom:   B, 15th Floor<br>Hon. Maria Elena James |
| Defendants. | FAC Filed:    May 14. 2013<br>Trial Date:    Not Set |

# NOTICE OF MOTION

## TO PLAINTIFF PAUL M. HAYNES AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 18, 2013 at 10:00 a.m., in Courtroom B of the above Court, the Honorable Maria Elena James presiding, Defendants the City and County of San Francisco ("the City"), Lenida Reyes, Andrew Guillory and Stephen Yeung, by and through their attorneys of record (collectively "Defendants"), will and hereby do move the Court, jointly and severally, to dismiss Plaintiffs' claims as set forth below for failure to state a claim for relief. This Motion is brought on the following grounds:

**I.   HAYNES' NINTH AND TWELFTH CLAIMS FOR RELIEF AGAINST REYES FAIL BECAUSE REYES IS NOT INDIVIDUALLY LIABLE FOR THE CITY'S ALLEGED FAILURE TO PERFORM ITS MANDATORY DUTIES**

**II.   HAYNES' ELEVENTH CLAIM FOR RELIEF FOR SECTION 1983 RETALIATION BASED ON HIS EEO CHARGES IS PREEMPTED BY TITLE VII**

Dated: June 11, 2013

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
LAWRENCE HECIMOVICH
Deputy City Attorney

By: /s/Lawrence Hecimovich
LAWRENCE HECIMOVICH

## INTRODUCTION

Plaintiff Paul Haynes brings 14 claims for relief. The majority of Haynes' claims arise out of a May 16, 2012 incident in which Defendants Andrew Guillory and Stephen Yeung allegedly required Haynes to remain in his cubicle until Guillory could find out, from another manager, whether he could require Haynes to turn over documents Haynes had apparently created on City time and City equipment for use in an outside business for personal profit.

Defendant Lenida Reyes is the City's Chief Auditor. Reyes was not present during the May 16 incident. The First Amended Complaint does not identify any conduct on Reyes' part. However, the Complaint names Reyes as a defendant to the ninth, eleventh and twelfth claims for relief. Even aside from the total absence of factual allegations against Reyes, she has no individual liability as a matter of law, and she should be dismissed from the case.

Haynes' eleventh claim for relief, purportedly brought under 42 USC section 1983, impermissibly replicates his Title VIII claims, and is preempted by Title VII.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Paragraphs 15 through 20 of the First Amended Complaint allege the following: Haynes has worked for the City for 30 years. He was promoted to the position of Senior Auditor and continues to work in that position. In June 2010 he was passed over for promotion to the position of Principal Auditor. He was subsequently ranked first on the Principal Auditor eligibility list but was passed over in August 2011 for the person ranked third on the list. Haynes filed a complaint of unlawful employment discrimination under Title VII and the Fair Employment and Housing Act in February 2012.

Paragraphs 21 through 36 of the First Amended Complaint relate to a May 16, 2012 incident in which Defendants Guillory and Yeung allegedly told Haynes that he could not leave the office carrying a bag full of documents Guillory suspected he had created at work for use in an outside business, in violation of numerous city policies and prior warnings. The May 16 alleged incident forms the sole basis for Haynes's claims for assault, battery, false imprisonment, intentional infliction of emotional distress, invasion of privacy, and serves as the cornerstone of his remaining claims.

Reyes is named in Haynes's ninth claim for relief for "hostile work environment." Reyes is not alleged to have participated in harassing Haynes, but rather to "have failed … to take immediate and appropriate corrective action." (FAC ¶ 87) Reyes is named in Haynes's almost identical twelfth claim for relief for "failure to perform mandatory duty". Again, Haynes does not allege that Reyes has engaged in unlawful conduct toward him, but alleges that Reyes, as a City manager, failed to perform the City's mandatory duties "to prevent discrimination in the work place … as well as following its own policies." (FAC ¶ 105)

Finally, Haynes brings an eleventh claim for relief purporting to arise under 42 USC 1983 but premised on the same alleged breached duties underpinning his EEO claims. Thus, Haynes simply recasts his February 2012 Title VII complaints as complaints made "as a private citizen in matters of public concern" and not as "part of his job duties". (FAC ¶ 98)

## ARGUMENT

### I. HAYNES' NINTH AND TWELFTH CLAIMS FOR RELIEF AGAINST REYES FAIL BECAUSE REYES IS NOT INDIVIDUALLY LIABLE FOR THE CITY'S ALLEGED FAILURE TO PERFORM ITS MANDATORY DUTIES

It is settled law that an individual manager's alleged failure to effect the employer's mandatory duty to stop discrimination or harassment from occurring does not constitute grounds for imposing individual liability under California law. *Reno v. Baird,* 18 Cal.4th 640, 656-660 (1998); *Janken v. G.M. Hughes Electronics,* 46 Cal.App.4th 55, 79 (1996).[1]

A similar rule pertains to supervisors who fail to stop other supervisors or co-workers from engaging in conduct that violates public policy. Those supervisors are not individually liable for that failure. *Stevenson v. Superior Court*, 16 Cal.4th 880, 887 (1997); *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal.App.4th 32, 53 (2000) (because manager "had no employment relationship with Khajavi, he cannot be liable"); accord, *California Jury Civil Instructions* Jury Instruction 10.41 ("An employee who was terminated in violation of public policy is entitled to recover damages from the employer.")

---

[1] Federal discrimination law does not recognize individual liability on the part of supervisors or managers. *Miller v. Maxwell's International,* 991 F.2d 583 (9th Cir. 1993) (Title VII claims against individual fail to state a claim).

Even if Haynes were to style Reyes' alleged inaction as a form of retaliation, that claim would not sound against her individually. In *Jones v. Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158, 1173 (2008), the California Supreme Court resolved a longstanding split among the courts of appeal by establishing that supervisors may not be held personally liable for engaging in acts of retaliation under the Fair Employment and Housing Act. The Court's holding − tracking *Reno v. Baird*'s finding that personnel decisions that could give rise to a discrimination or retaliation claim are "an inherent and unavoidable part of the supervisory function" − recognizes that an employee who suffers retaliation for bringing a complaint of discrimination already has a remedy. If the retaliation is by a supervisor, the employer is strictly liable; if by a co-worker, the employee can sue the employer, but not the supervisor, for failure to prevent the retaliation. *Id.* at 1172-1174.

Here, neither federal nor California law allows a plaintiff to bring a clam against an individual manager based on that manager's alleged failure to effect the employer's mandatory legal duties. The Court should dismiss these claims against Reyes.

## II. HAYNES' ELEVENTH CLAIM FOR RELIEF FOR SECTION 1983 RETALIATION BASED ON HIS EEO CHARGES IS PREEMPTED BY TITLE VII[2]

Haynes' eleventh cause of action realleges his sixth and seventh claims for relief for retaliation and failure to protect from discrimination, respectively. The only difference is that Haynes seeks to convert these Title VII claims into a claim for violation of his rights as a private citizen under Section 1983 of the Civil Rights Act:

> [¶ 98] Plaintiff has a United States Constitutional First Amendment right of Free Speech to speak out as a private citizen in matters of public concern. Title VII and FEHA have an expressed [sic] provision declaring the public policy to guarantee citizens the right to work in an environment free of discrimination, including such illegal conduct as harassment,

---

[2] Assuming for purposes of argument that Haynes could convert his Title VII claim into a Section 1983 claim, he cannot state a claim against Reyes under that Section. To sue an individual decisionmaker for retaliation under Section 1983, the Haynes needs to show that the individual "possesses final policy-making power" over the policy or practice at issue. *City of St. Louis v. Propotnik,* 485 US 112 (1988). This determination is a matter of law. *Jett v. Dallas Independent School district,* 491 US 701 (1989). As a matter of law, Reyes, who is employed several levels below even the Department Head level, lacks such power.

hostile work environment, and retaliation. [¶ 99] Plaintiff made these complaints of discrimination as a private citizen and not part of his job duties. [¶ 100] Defendants, and each of them, retaliated against Plaintiff because he complained about discrimination to the EEOC and the DFEH as well as to his managers.

It is well established that Section 1983 establishes no substantive rights; it is merely a vehicle for seeking a federal remedy for violations of federally protected rights. *Maine v. Thiboutot*, 448 U.S. 1, 4-5, 100 S.Ct. 2502, 2504 (1980). However, a plaintiff may not convert a federal statute into a section 1983 claim where the statute provides an exclusive remedy for violations of its terms. *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 28, 101 S.Ct. 1531, 1545 (1981). "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate Congressional intent to preclude the remedy of suit under § 1983." *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n.*, 453 U.S. 1, 19, 101 S.Ct. 2615, 2625 (1981).

The federal courts have long held that Title VII is just such a statute. Title VII provides a comprehensive remedial system for the enforcement of rights arising thereunder. In *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979), the Supreme Court held that Title VII provides the exclusive remedy for a alleged unlawful retaliation under the Act, and that a Plaintiff cannot replicate that claim under the civil rights statutes, so as to avoid Title VII's "detailed and specific provisions." *Id*. (citation omitted). "Unimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § [1983]." *Id*. at 378, 99 S.Ct. at 2352. Allowing Haynes to assert rights created by Title VII without complying with the Act's administrative framework would seriously undermine legislatively enshrined processes:

> Under Title VII, cases of alleged employment discrimination are subject to a detailed administrative and judicial process designed to provide an opportunity for nonjudicial and nonadversary resolution of claims. ... [¶¶] If a violation of Title VII could be asserted through [the civil rights statutes], a complainant could avoid most if not all of these detailed and specific provisions of the law. … Perhaps most importantly, the complaint could completely bypass the administrative process, which plays such a crucial role in the scheme established by Congress in Title VII.

*Novotny*, 442 U.S. 366, 376; see also *Foster v. Wyrick,* 823 F.2d 218, 221-222 (8th Cir. 1987) (dismissing adverse impact claim brought under section 1983).

    Haynes's Section 1983 claim is based on the same rights and obligations as his Title VII claim. It is pre-empted by Title VII.

## CONCLUSION

    For each of the reasons set forth above, the Court should dismiss Plaintiff's claims against Lenida Reyes and dismiss Plaintiff's eleventh claim for relief as to all parties.

Dated: June 11, 2013

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
LAWRENCE HECIMOVICH
Deputy City Attorney

By: /s/Lawrence Hecimovich
    LAWRENCE HECIMOVICH