1

2

3                    UNITED STATES  DISTRICT COURT

4                      Northern District of California

5

6    PAUL M. HAYNES,                                    No. C 13-1567 MEJ

7                           Plaintiff,                  **ORDER GRANTING IN PART AND**
                                                        **DENYING IN PART DEFENDANTS'**
            v.                                          **MOTION TO DISMISS**
8
     CITY AND COUNTY OF SAN FRANCISCO,
9    et al.,                                            **Re: Docket No. 12**

10                          Defendants.
                    _____/
11

12                              **INTRODUCTION**

13          Plaintiff Paul M. Haynes brings this action against Defendants City and County of San

14   Francisco ("the City"), Andrew Guillory, Lenida Reyes, and Stephen Yeung (collectively,

15   "Defendants"), alleging employment discrimination and retaliation, as well as related state law

16   claims.  Now before the Court is Defendants' Motion to Dismiss, filed June 13, 2013.  Dkt. No. 12.

17   The Court finds this motion suitable for disposition without oral argument and VACATES the July

18   18, 2013 hearing.  Civ. L.R. 7-1(b).  Having considered the parties' papers, relevant legal authority,

19   and the record in this case, the Court GRANTS IN PART and DENIES IN PART Defendants' motion

20   for the reasons set forth below.

21                               **BACKGROUND**

22          The following factual background is taken from Plaintiff's First Amended Complaint

23   ("FAC"), filed May 14, 2013.  Dkt. No. 3.  Plaintiff has worked for the City for 30 years.  FAC ¶ 15.

24   For the past 20 years, he has worked as a Senior Auditor in the TTX department.  *Id.*  In June 2010,

25   Plaintiff was passed over for promotion to the position of Principal Auditor.  *Id.* ¶ 16.  Plaintiff

26   alleges that the City instead hired a female who was not on the Principal Auditor eligibility list.  *Id.*

27   Plaintiff sent an email to his manager inquiring "why the [eligibility] list was bypassed."  *Id.*

28   (brackets in original).  He alleges that the City failed to provide a "reasonable answer" and instead

UNITED STATES DISTRICT COURT
For the Northern District of California

1  "ratcheted up the hostility and retaliation" against him.  *Id.*

2  Plaintiff again applied for the position of Principal Auditor and, on July 8, 2011, was ranked

3  first on the Principal Auditor eligibility list.  *Id.* ¶ 17.  However, the City subsequently hired the

4  person ranked third on the list.  *Id.* ¶ 18.  In response, on February 2, 2012, Plaintiff filed a complaint

5  of unlawful employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

6  2000e-2 et seq. ("Title VII"), and the California Fair Employment and Housing Act, Cal. Gov't Code

7  §§ 12900 et seq. ("FEHA").  *Id.* ¶ 19.

8  Paragraphs 21 through 36 of the FAC relate to a May 16, 2012 work incident.  On that date,

9  Plaintiff alleges that Defendant Andrew Guillory, Plaintiff's supervisor asked to look in Plaintiff's

10  bag.  *Id.* ¶¶ 21-22.  When Plaintiff refused, stating that "nothing belonging to or related to the

11  Treasurer's office is in my bag," Plaintiff alleges that Guillory stepped closer "in an intimidating

12  fashion, looking angry, mad, and frowning," and stated, "I want to search your bag."  *Id.* ¶ 22.

13  Plaintiff attempted to defuse "the ever mounting tense and threatening situation" by returning to his

14  desk to begin his work, but Guillory followed him "and in a threatening manner continued to demand

15  in a raised and angry tone of voice, stating, 'I have a right to look inside your bag.'"  *Id.* ¶¶ 23-24.

16  Guillory attempted to grab the bag, "pulling on [it] in an effort to wrestle it out of [Plaintiff's] hand,

17  striking, touching, and hitting [Plaintiff's] hand and arm."  *Id.* ¶ 24.  When Plaintiff refused to give

18  him the bag, Guillory stated that he would seek advice from a senior manager.  *Id.* ¶¶ 26-28.  Guillory

19  shouted to Defendant Stephen Yeung, who sits near Plaintiff's cubicle, "Guard him.  Don't let him

20  leave his desk until I come back."  *Id.* ¶ 28.  Yeung proceed to block the exit from Plaintiff's cubicle.

21  *Id.*  Plaintiff states that he complained to senior management about the May 16 incident, but Guillory

22  received no discipline.  *Id.* ¶¶ 33, 36.

23  Based on these allegations, Plaintiff brings 14 claims for relief: (1) assault against Guillory;

24  (2) battery against Guillory; (3) false imprisonment against Guillory and Yeung; (4) intentional

25  infliction of emotion distress against Guillory and Yeung; (5) invasion of privacy against Guillory in

26  violation of the Fourth Amendment to the United States Constitution and Article I of the California

27  Constitution; (6) retaliation against the City under FEHA; (7) failure to protect from discrimination

28

2

1  under FEHA against the City; (8) disparate treatment discrimination under Title VII and FEHA

2  against the City; (9) hostile work environment discrimination under Title VII and FEHA against all

3  Defendants; (10) negligent hiring, training, supervision, and retention under 42 U.S.C. § 1983 against

4  the City; (11) retaliation under 42 U.S.C. § 1983 against all Defendants for exercising free speech;

5  (12) failure to perform mandatory duty against Guillory and Defendant Lenida Reyes; (13) retaliation

6  in violation of California Labor Code section 1102.5 against the City; and (14) a 42 U.S.C. § 1983

7  claim for illegal search and seizure in violation of the Fourth and Fourteenth Amendments against

8  Guillory and Yeung.  Dkt. No. 3

9        Defendants filed the present Motion to Dismiss on June 13, 2013.  Dkt. No. 12.  Defendants

10  argue that Plaintiff's ninth and twelfth claims for relief against Lenida Reyes fail because Reyes is

11  not individually liable for the City's alleged failure to perform its mandatory duties.  Mot. at 1.

12  Defendants further argue that Plaintiff's eleventh claim for relief for § 1983 retaliation based on his

13  EEO charges is preempted by Title VII.  Plaintiff filed an Opposition on June 27, 2013 (Dkt. No. 18),

14  and Defendants filed a Reply on July 1, 2013 (Dkt. No. 19).

15                                          **LEGAL STANDARD**

16        A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim

17  upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint,

18  which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch*

19  *LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Rule

20  8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

21  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

22  do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265,

23  286 (1986)).

24        Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must

25  instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A

26  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

27  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

28

UNITED STATES DISTRICT COURT
For the Northern District of California

3

1   U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

2        In reviewing a motion to dismiss, the court may also consider documents attached to the

3   complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation

4   omitted).  In addition, the court may consider a matter that is properly the subject of judicial notice,

5   such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

6        If the court dismisses the complaint, it "should grant leave to amend even if no request to

7   amend the pleading was made, unless it determines that the pleading could not possibly be cured by

8   the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this

9   determination, the court should consider factors such as "the presence or absence of undue delay, bad

10  faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice

11  to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*,

12  885 F.2d 531, 538 (9th Cir. 1989).

13                              **ANALYSIS**

14  **A.    Plaintiff's Ninth and Twelfth Claims for Relief Against Lenida Reyes**

15       In his ninth claim, Plaintiff alleges that he was subjected to a hostile work environment based

16  on his protected status as an African-American.  FAC ¶¶ 2, 87.  Plaintiff states that Guillory and

17  Yeung engaged in the hostile conduct, but that Defendant supervisors, including Reyes, knew of or

18  should have known that it was offensive conduct and failed to take immediate and appropriate

19  corrective action. *Id.* ¶ 87.  In his twelfth claim, Plaintiff alleges that the City has a mandatory duty

20  to prevent discrimination in the workplace, but the City and the Defendant supervisors failed to

21  discharge the mandatory duties they were legally obligated to perform. *Id.* ¶¶ 105-06.

22       In their Motion, Defendants argue that an individual manager's alleged failure to effect the

23  employer's mandatory duty to stop discrimination or harassment from occurring does not constitute

24  grounds for imposing individual liability under California law. Mot. at 3.  Defendants also argue that

25  supervisors who fail to stop other supervisors or co-workers from engaging in conduct that violates

26  public policy are also not individually liable for that failure. *Id.*  In response, Plaintiff argues that

27  Defendants may be correct in asserting that Reyes cannot be held liable for conduct giving rise to a

28

4

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  discrimination claim, but a manager is individually liable where her conduct constitutes or gives rise

2  to a hostile work environment.  Opp. at 2-3.

3      The Court agrees with Defendants.  Neither Title VII nor FEHA permits liability against

4  individual supervisors for alleged acts of discrimination that they did not commit.  *Craig v. M & O*

5  *Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not

6  provide a separate cause of action against supervisors or co-workers.") (citations omitted); *Wathen v.*

7  *Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997) ("an employee/supervisor, who does not otherwise

8  qualify as an 'employer,' cannot be held individually liable under Title VII and similar statutory

9  schemes"); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) (holding that "individual

10  defendants with supervisory control over a plaintiff may not be held personally liable under Title

11  VII"); *Lenhardt v. Basic Inst. of Tech. Inc.*, 55 F.3d 377, 381 (8th Cir. 1995) (finding that supervisors

12  and managers are not subject to individual liability); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th

13  Cir. 1994) (holding that Title VII does not permit imposition of liability upon an individual unless

14  they meet Title VII's definition of employer); *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir.

15  1993) (holding that under Title VII, suits must proceed against individuals in their official capacities

16  only; individual capacity suits are inappropriate); *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998) ("For

17  these reasons, we conclude that individuals who do not themselves qualify as employers may not be

18  sued under the FEHA for alleged discriminatory acts.").

19      Plaintiff argues that Reyes is liable for harassment that she herself committed.  Opp. at 3.

20  Specifically, Plaintiff argues that he "refers to defendants conduct as being 'harassing' and 'hostile'

21  conduct such that 'county supervisors knew of should have known, is offensive and hostile

22  harassment conduct.'"  *Id.*  Thus, Plaintiff appears to argue that Reyes should have known about the

23  harassment, and that her failure to react to it constitutes harassment by Reyes personally against

24  Plaintiff.  However, supervisors that fail to take remedial action to prevent harassment are not liable

25  for harassment themselves.  *Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1245 (E.D. Cal.

26  2009) (FEHA section making it unlawful for employer who knew or should have known of

27  discrimination or harassment to fail to take prompt remedial action is meant to establish prohibited

28

1  activity by employers, rather than individuals).

2       Thus, to the extent that Plaintiff attempts to state his claims against Defendant Reyes

3  individually, such an attempt is contrary to law because Plaintiff never alleges Reyes, in her

4  individual capacity, is an "employer" subject to either statute.  Accordingly, Defendants' Motion to

5  Dismiss Plaintiff's ninth and twelfth claims against Defendant Lenida Reyes is GRANTED.

6  **B.      Plaintiff's Eleventh Claim for Retaliation Under 42 U.S.C. § 1983**

7       In his eleventh claim for relief under § 1983, Plaintiff states that the complaints alleged

8  therein were made as a private citizen and not as part of his job duties.  FAC ¶ 99.  As such, Plaintiff

9  alleges that Defendants violated his First Amendment right of free speech when they retaliated

10  against him because he complained about discrimination.  *Id.* ¶ 98.

11       In their Motion, Defendants argue that Plaintiff's eleventh cause of action merely re-alleges

12  his sixth and seventh claims for relief for retaliation and failure to protect from discrimination,

13  respectively, with the only difference being that Plaintiff seeks to convert these Title VII claims into a

14  claim for violation of his rights as a private citizen under § 1983.  Mot. at 4.

15       It is well established that 42 U.S.C. § 1983 establishes no substantive rights; it is merely a

16  vehicle for seeking a federal remedy for violations of federally protected rights.  *Maine v. Thiboutot*,

17  448 U.S. 1, 4-5 (1980).  However, a plaintiff may not convert a federal statute into a § 1983 claim

18  where the statute provides an exclusive remedy for violations of its terms.  *Pennhurst State Sch. &*

19  *Hosp. v. Halderman*, 451 U.S. 1, 28 (1981).  "When the remedial devices provided in a particular Act

20  are sufficiently comprehensive, they may suffice to demonstrate Congressional intent to preclude the

21  remedy of suit under § 1983."  *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*., 453

22  U.S. 1, 19 (1981).

23       While Title VII provides the exclusive remedy for employment discrimination claims created

24  by its own terms, its exclusivity ceases when the employer's conduct also amounts to a violation of a

25  right secured by the Constitution.  *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 986 (8th Cir. 2011)

26  (explaining that "[a]lthough section 704(a) of Title VII may not be the basis for a retaliatory

27  discharge claim in a § 1983 action, § 1983 provides a vehicle for redressing claims of retaliation on

28

UNITED STATES DISTRICT COURT
For the Northern District of California

6

1  the basis of the First Amendment") (internal quotation marks and citation omitted); *Hervey v. City of*

2  *Little Rock*, 787 F.2d 1223, 1233 (8th Cir. 1986) (stating an employment discrimination plaintiff may

3  recover under § 1983 if she proves the alleged gender discrimination violated her equal protection

4  rights under the Fourteenth Amendment).  Although it does not appear that the Ninth Circuit has

5  considered this specific issue, other circuits have reached the same conclusion.  *See, e.g., Back v.*

6  *Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 117-18 (2d Cir. 2004); *Booth v. Maryland*,

7  327 F.3d 377, 382-83 (4th Cir. 2003); *Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't*, 223 F.3d 1231,

8  1239 (11th Cir. 2000); *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000); *Notari v. Denver Water*

9  *Dep't*, 971 F.2d 585, 587 (10th Cir. 1992); *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d

10  1565, 1575-76 (5th Cir. 1989); *Ratliff v. City of Milwaukee*, 795 F.2d 612, 624 (7th Cir. 1986).

11          Moreover, because the availability of § 1983 as a remedy for employment discrimination

12  turns on the independence of the right's source, rather than on the distinct factual basis of the Title

13  VII and § 1983 claims, an employment discrimination plaintiff asserting a violation of a

14  constitutional right may bring suit under both Title VII and § 1983, even if the claims arise from the

15  same factual allegations.  *See Notari*, 971 F.2d at 587 (holding "a Title VII plaintiff who alleges that

16  his equal protection rights were violated, and requests remedies for those alleged violations under §

17  1983 has stated an independent basis for [his § 1983] claim . . . even if the claims arise from the same

18  factual allegations and even if the conduct alleged in the § 1983 claim also violates Title VII")

19  (internal quotation marks and citation omitted); *Johnston*, 869 F.2d at 1575-76 (recognizing Title VII

20  does not provide the exclusive remedy for all employment discrimination claims, even if the Title VII

21  and § 1983 claim factually overlap); *Ratliff*, 795 F.2d at 624 (emphasizing "[a] plaintiff may sue her

22  state government employer for violations of the Fourteenth Amendment through section 1983 and

23  escape Title VII's comprehensive remedial scheme, even if the same facts would suggest a violation

24  of Title VII") (internal quotation marks and citation omitted).

25          Here, Plaintiff's eleventh claim asserts that the retaliation he faced after complaining about

26  discrimination was founded upon his rights under the First Amendment.  FAC ¶¶ 98-100.  Thus,

27  while it is true that Title VII provides the exclusive remedy for employment discrimination claims

28

UNITED STATES DISTRICT COURT
For the Northern District of California

7

1 | created by its own terms, Plaintiff alleges that Defendants' conduct also amounts to a violation of a

2 | right secured by the United States Constitution.  Thus, Title VII's exclusivity ceases and Plaintiff has

3 | stated an independent claim under § 1983 stemming from his First Amendment right to free speech.

4 | Accordingly, Defendants' Motion is DENIED as to Plaintiff's eleventh claim.

**CONCLUSION**

6 |   Based on the analysis above, the Court GRANTS Defendants' Motion as to Plaintiff's ninth

7 | and twelfth claims against Defendant Lenida Reyes, and DENIES Defendants' motion as to

8 | Plaintiff's eleventh claim.

9 | **IT IS SO ORDERED.**

11 | Dated: July 9, 2013

             _____

12 |              Maria-Elena James
             United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

8