UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M HAYNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-01567-MEJ<br><br>**ORDER GRANTING REQUEST FOR DISCOVERY AND ORDER TO SHOW CAUSE** |

On March 19, 2014, the parties settled this case at a settlement conference with Magistrate Judge Elizabeth Laporte. Dkt. No. 37. The Court dismissed the case but retained jurisdiction for enforcement of the parties' agreement. Dkt. No. 39. As Plaintiff subsequently failed to sign the agreement, Defendants filed a motion to enforce the settlement, which the Court granted on October 30, 2014. Dkt. No. 66. The Court ordered Plaintiff to sign the written settlement agreement and provide it to Defendants' counsel by October 31, 2014. *Id.*

On February 4, 2015, Plaintiff ordered a transcript of the hearing on Defendants' motion to enforce the settlement. Dkt. No. 74. He then filed a writ petition asking the Ninth Circuit Court of Appeals to vacate this Court's orders enforcing the settlement. *See* Dkt. No. 75. The Ninth Circuit denied the writ petition on February 25, 2015, "without prejudice to renewing the arguments in a subsequent appeal after a final judgment has been entered in the district court." Ofierski Decl. ¶ 3 & Ex. A, Dkt. No. 78.

On March 12, 2015, Defendants filed the present motion requesting that the Court reopen discovery for the limited purpose of obtaining evidence of the distribution of the funds the City has paid in settlement of Plaintiff's claims. Mot., Dkt. No. 77. Defendants state that Plaintiff still has not signed the agreement as ordered and has not dismissed his claims as required by the

agreement. *Id.* at 2. However, Defendants already issued a check for the full settlement amount, payable to Plaintiff's now former attorney Charles Bonner, and Mr. Bonner informed Defendants that he provided Plaintiff with his share of the settlement amount. *Id.*; Ofierski Decl. ¶ 4. Defendants maintain that whether Plaintiff obtained the benefit of the settlement bears on his legal and equitable rights to contest the settlement. Mot. at 2. They seek to reopen discovery for the limited purpose of confirming that Plaintiff has received the settlement proceeds. *Id.*

Given Plaintiff's failure to comply with the Court's previous orders, the Court GRANTS Defendants' request to reopen discovery for the limited purpose of confirming that Plaintiff received the settlement proceeds. Defendants may issue a subpoena directed to Charles Bonner and a document production request to Plaintiff regarding the settlement proceeds.

Further, the Court hereby ORDERS Plaintiff Paul M. Haynes to show cause why he should not be held in contempt for failure to comply with the Court's previous order. Plaintiff is advised that sanctions for contempt of court may include dismissal of this case with prejudice, a monetary fine that accrues on a daily basis until Plaintiff signs the settlement agreement, or remanding him to the custody of the United States Marshal for a term of imprisonment until such time as Plaintiff signs the agreement.

Plaintiff shall file a declaration by March 26, 2015. If a responsive declaration is filed, the Court shall either issue an order based on the declaration or conduct a hearing on April 9, 2015 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: March 13, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge